# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WALTER J.D. MOFFETT,

      Plaintiff,

v.                                                          Case No.20-CV-645

AUSTIN SCHLACHTER, *et al.*,

      Defendants.

## ORDER

On October 30, 2020, the defendants filed a motion for summary judgment on the ground that plaintiff Walter J.D. Moffett failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 25.) Moffett had until November 30, 2020, to respond to the defendants' motion. On December 2, 2020, Moffett filed a motion for extension of time to respond. (ECF No. 28.) The court granted Moffett's motion and gave him until January 29, 2021, to respond. (ECF No. 29.) When Moffett did not respond by that date, on February 16, 2021, the court issued an order giving him until March 9, 2021, to file a response or explain why he is unable to do so. (ECF No. 36.)

The March 9, 2021 deadline has passed, and Moffett still has not filed a response. As such, the court will construe the motion as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed.

R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on exhaustion grounds.

Accordingly, the defendants' motion is granted, and the case is dismissed without prejudice. It is dismissed without prejudice because, when a plaintiff brings a lawsuit prior to exhausting his administrative remedies, the suit is premature. *Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). "A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies." *Id.* (citing *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)).

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from

judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 17th day of March, 2021.

BY THE COURT

*[signature: William E. Duffin]*

WILLIAM E. DUFFIN
United States Magistrate Judge